**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>DELTA SYNTHETIC CO., LTD,<br><br>Defendant. | Adv. Proc. No. 25-50247 (KBO) |

**MOTION OF CHAPTER 7 TRUSTEE FOR ENTRY OF SCHEDULING ORDER**

George L. Miller, solely in his capacity as Chapter 7 Trustee for the estates of the above-captioned Debtors and as plaintiff in the above-captioned adversary proceeding ("**Plaintiff**"), hereby moves for entry of a scheduling order in this matter or, in the alternative, an order setting a scheduling conference. In support of the same, Plaintiff states as follows:

**BACKGROUND**

1.      On February 13, 2025, Plaintiff filed a complaint ("**Complaint**") against the above-captioned defendant ("**Defendant**"), thereby initiating the adversary proceeding docketed as Adv. Proc. No. 25-50247.  Upon information and belief, Defendant is a Taiwanese entity.

---

[1]      The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

57710327.1

2.       On March 10, 2026, following discussions between undersigned counsel and Defendant's Taiwanese counsel, a consensual order was submitted and approved under Federal Rule of Bankruptcy Procedure 7012(a)(2), setting April 2, 2026 as the deadline for Defendant to respond to the Complaint. *See* Adv. D.I. 6, 7.

3.       On March 26, 2026, Defendant submitted its response ("**Response**") to the Complaint via its Taiwanese counsel. *See* Adv. D.I. 8.  Upon information and belief, Defendant has not retained Delaware counsel.

4.       On March 27, 2026, Plaintiff circulated a proposed scheduling order (the "**Proposed Order**") to Defendant and requested comments to same by April 3, 2026.  Defendant's counsel acknowledged receipt on April 2, 2026, but claimed to need an indeterminately longer period of time to respond.  Plaintiff received no further response.

5.       On April 9, 2026, undersigned counsel again requested a response to the Proposed Order, this time by April 15, 2026, otherwise Plaintiff would file a motion asking that the Proposed Order be put in place.  Defendant again provided no response.

## RELIEF REQUESTED AND BASIS FOR RELIEF

6.       Rule 7016 of the Federal Rules of Civil Procedure ("**FRCP**"), as made applicable by Rule 7016 of the Federal Rules of Bankruptcy Procedure and as augmented by Rule 7016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware ("**Local Rules**"), govern the conduct of scheduling orders and conferences before this Court.  Under those rules, a scheduling order must be promptly put into place in light of and conjunction with a party's engagement.  Moreover, FRCP 16(f) provides that the Court has the capacity to issue any just order "if a party . . . is substantially unprepared to participate—or does not participate in good faith—in the [scheduling] conference…" FRCP 16(f)(1)(B).

7.       This matter was initiated over a year ago and Plaintiff has expended significant

2

57710327.1

estate resources seeking to properly serve Defendant in accordance with international law.[2]  Since that time, Defendant has acknowledged receipt of the Complaint, agreed to a consensual order under Certification of Counsel, and submitted the Response.  Defendant has thus clearly demonstrated its awareness of this matter as well as its ability to engage.

8.     Notwithstanding, Defendant has inexplicably failed to continue engaging with respect to the Scheduling Order.  Given that the Response was submitted almost a month ago, it is long past time for a scheduling order to be put in place so this matter can be moved forward.  Accordingly, Plaintiff respectfully requests entry of the order attached here as **Exhibit A**.  In the alternative, Plaintiff requests that the Court enter an order setting a prompt scheduling conference subject to Local Rule 7016-1.

9.     For the avoidance of doubt, Plaintiff remains amenable to negotiating an agreed order in lieu of the relief sought in this Motion.  But given the extant lack of engagement, Plaintiff is compelled by circumstance to seek relief of this Court in order to promptly move this matter forward.

WHEREFORE, Plaintiff respectfully requests that the Court enter the Proposed Order at its earliest convenience.

Dated:  April 20, 2026         **SAUL EWING LLP**
Wilmington, Delaware

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone:  (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

*Special Counsel to Plaintiff*

---

[2] Taiwan is not subject to the Hague Convention.

3

57710327.1